[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for a dissolution of marriage and for CT Page 10099 other relief brought to the Superior Court for the Judicial District of New Haven.
Many of the underlying facts in this case are not in dispute. The plaintiff, whose maiden name was Karen E. Suzor, and the defendant, were married on May 7, 1983, in Bridgeport, Connecticut. The plaintiff has resided continuously in the State of Connecticut for at least one year immediately prior to the date of the complaint. The marriage between the parties has irretrievably broken down without any reasonable prospect of reconciliation. There are two minor children issue of the marriage: Christine Caraglio, born June 5, 1984, and Heather Caraglio, born August 11, 1987. No other minor children have been born to the plaintiff wife since the date of marriage of the parties. Neither party is presently receiving state assistance.
The parties are in dispute as to the cause of the breakdown of the marriage. From the evidence presented, the court finds that each party is equally at fault for the breakdown of the marriage.
The assets and liabilities of the parties consists of the following:
 1) The family home located at 104 Grove Place, West Haven, Connecticut. It has a fair market value of $104,000.00, and a mortgage with a present balance of approximately $97,500.00.
 2) A 1989 Toyota Camry automobile, also jointly owned by the parties, with a present value of $6,000.00 and a loan balance of $7,500.00.
 3) A Connecticut National Bank checking account in the plaintiff's name with a $5,000.00 balance.
 4) Deferred Compensation Plan owned by the plaintiff consisting of a Connecticut National Bank IRA with a present value of $7,800.00.
 5) Liabilities of the plaintiff consisting of a Connecticut National Bank debt with a balance of $692.00; a Master Card debt with a balance of $1800.00; and a Suzor Industrial Service debt with a balance of $8,000.00.
CT Page 10100 6) Liabilities of the defendant consisting of a VISA debt with a balance of $1,600.00; and Newmark Lewis debt with a balance of $2,200.00. His assets consist of a 1977 Buick LeSabre with a value of $200.00, and clothing with a value of $200.00.
The primary issue before the court in this trial revolves around whether to enter an order of joint custody with primary physical custody to the plaintiff, or an order of sole custody of the minor children to the plaintiff. The other primary issue involves the amount of visitation and whether it should be supervised. The primary reason that the defendant seeks an order of joint custody is so that he can be kept up to date regarding the medical condition of Heather and so that he can have information regarding the education of each of the two children. The defendant also wants to be kept up to date regarding any medical issues regarding Christine. The court notes that under the provisions of 10-15b, that either parent of a minor student shall, upon written request to a local board of education, be entitled to knowledge of and access to all educational, medical, or similar records maintained in such student's cumulative record.
In September 1991, this court entered an order granting to the defendant specific rights of supervised visitation pendente lite. Visitation under that order generally went well until December 1991, or January 1992, when the plaintiff wrongfully deprived the defendant of all visitation and has continued to deprive the defendant wrongfully of all visitation rights up to the date of trial.
This court has considered and weighed the factors set forth in Conn. General Statutes 46b-81(c) in determining the issue of assignment of property and has considered and weighed the factors set forth in 46b-82 in determining alimony. This court has also considered and weighed the factors set forth in 46b-62 in determining whether to grant attorney's fees. Further, this court has considered and weighed the factors set forth in the Support Guidelines as well as all applicable statutes in determining the issue of support. This court has also considered46b-56 and 46b-56a in determining the issues of joint custody, custody, and visitation, and what is in the best interests of the children.
O R D E R CT Page 10101
The court hereby enters the following orders:
A. DISSOLUTION
The marriage of the parties to this action is hereby dissolved on the grounds of irretrievable breakdown and each of the parties are hereby declared to be single and unmarried.
B. ALIMONY
No alimony is awarded in favor of either party.
C. BY WAY OF PROPERTY SETTLEMENT
 (1) In accordance with the provisions of 46b-81(a), all of the right, title and interest of the defendant in the family home located at 104 Grove Place, West Haven, Connecticut, is assigned to the plaintiff. The plaintiff is to pay the first mortgage and all real estate taxes on said property and hold the defendant harmless therefrom.
 (2) The parties are in dispute regarding items of personal property which the defendant is claiming should be assigned to him. Those items in dispute are part of the defendant's claim for relief filed with the court on October 28, 1992. The first two items on the list, namely the brass bed and the desk, are assigned to the plaintiff. Items numbered 3, 4, 7, 8, 9, 10, 11, 12 and 13, have been testified to by the plaintiff as not being in her possession. Those items are all assigned to the defendant and if they are subsequently located by the plaintiff, she is to notify the defendant so that he may take possession of those items. The cabinet with stained glass door (Item 5) and the console television (testified to as having been damaged and now in the garage and listed as Item 6) are assigned to the defendant. The last item on the, list, Item 14, namely the two dressers, are awarded solely to the plaintiff. All other remaining items of personal property, household furnishings, appliances, and furniture, located at the family residence, are assigned to the plaintiff.
 (3) The 1989 Toyota Camry is assigned to the plaintiff. The plaintiff is to pay the loan balance and hold the defendant harmless therefrom. CT Page 10102
 (4) The plaintiff is to pay the liabilities shown on her financial affidavit and hold the defendant harmless therefrom.
 (5) The defendant is to pay the liabilities shown on his financial affidavit and hold the plaintiff harmless therefrom.
D. ATTORNEY'S FEES
Each party is responsible for the payment of their own counsel fees.
E. BY WAY OF CUSTODY, SUPPORT AND VISITATION
 (1) Sole custody of the two minor children is awarded to the plaintiff.
 (2) The defendant shall have supervised visitation with the two minor children on alternating Saturdays and Sundays, commencing November 21, 1992, from 10:00 a.m. until 5:00 p.m. Approved supervisors are the defendant's mother, the defendant's father, and the defendant's sister Patricia.
 (3) The defendant shall have unsupervised visitation with the two minor children on Wednesdays, commencing November 18, 1992, restricted to the City of West Haven. The visitation will alternate on Wednesdays between Christine and Heather, with the visitation on Wednesday, November 18, 1992 to be with Christine.
 (4) The Wednesday visitation with Christine will commence at 4:15 p.m. after her Brownie troup meeting ends and will last until 7:15 p.m. In the event Christine does not have a Brownie troup meeting on any given Wednesday, then the visitation will commence at her school at 3:15 p.m. and terminate at 7:00 p.m. In the event Christine does not have school or a Brownie troop meeting on any given Wednesday, then the visitation will be from 4:00 p.m. to 7:00 p.m.
 (5) The Wednesday visitation with Heather will commence at 3:30 p.m. and terminate at 7:00 p.m.
(6) In the event either child is not picked up on time CT Page 10103 for the Wednesday visitation, then that particular Wednesday visitation will be forfeited. It is not necessary for the defendant to be present during any of the pickup or drop-offs of the either of the minor children as long as one of the approved supervisors are present at such pickup or drop-off. This applies both to the supervised and the unsupervised visitation. Any visitation regarding Christine on Saturdays is not to interfere with her classes at St. Mary's Church that presently are on Saturday mornings from 10:30 a.m. to 11:30 a.m.
 (7) Commencing January 16, 1993, visitation with the two minor children shall be every other weekend from Saturday at 10:00 a.m. through Sunday at 6:00 p.m. This visitation will be unsupervised. This visitation commencing January 16, 1993, is in addition to the Wednesday visitation.
 (8) The defendant is to provide the plaintiff with at least 24 hours advance notice, unless an emergency exists, if he is unable to exercise the visitation granted to him. Emergency is defined as an unexpected and unavoidable event, such as sudden illness or accident, which is unknown or unforeseeable, within 24 hours prior to exercising visitation. Notice from the defendant to the plaintiff is to be by calling the plaintiff at her place of employment and if she is not reached at that place of employment, then to call her on her beeper phone.
 (9) The defendant is to provide the plaintiff at all times with the telephone number where he can be reached during the visitation periods. The plaintiff is to provide the defendant at all times with her work phone number and her beeper phone number. Due to the medical necessity involving the minor child Heather, it is ordered that at all times there be a telephone in working condition at the premises where the defendant exercises visitation.
 (10) The parties shall alternate the holidays of Thanksgiving, Christmas Eve, Christmas, Easter Sunday, Fourth of July, New Years Day, Memorial Day, and Labor Day, beginning with the mother having Thanksgiving Day 1992. The holidays will begin at 10:00 a.m. and last until 5:00 p.m. In addition, the defendant shall have each holiday of Father's Day visitation with the two minor children and the plaintiff shall have each holiday of Mother's Day with the CT Page 10104 two minor children. In the event of a conflict between this specific holiday schedule and the general visitation schedule, the specific holiday schedule shall control. The visitation for Christmas Eve will be from 4:00 p.m. to 7:30 p.m.
 (11) The parties are in agreement and therefore the court orders that the defendant pay to the plaintiff as support the sum of $15.00 each week for each of the two minor children, for a total support order of $30.00 per week. The court finds that there is an arrearage owed from the defendant to the plaintiff in the amount of $1,290.00 as of October 23, 1992 on the pendente lite support order. No order is entered at this time regarding the payment of this arrearage. In the event the defendant obtains employment, he is to notify the plaintiff of such employment, including the name and address of his employer and his gross weekly earnings by registered mail, return receipt, within seven days of obtaining such employment. In addition, each party is to provide the other party with a copy of their respective income tax return within seven days after the filing of such return, commencing with the income tax returns for the calendar year 1992. The income tax returns are to include both state and federal income tax returns. The order regarding income tax returns is to continue for so long as an outstanding support order exists.
 (12) The plaintiff is to provide health insurance for the benefit of the two minor children as is available through her place of employment. The parties are to divide equally any uninsured or unreimbursed health costs for the two minor children.
 (13) The plaintiff is ordered to notify the defendant of all hospital visits whether inpatient or outpatient of either child and of all medical evaluations of either child. Said notification is to be by registered mail, receipt return, or certified mail. The plaintiff is to authorize the defendant at all times to obtain copies of all medical records of either children.
F. MISCELLANEOUS ORDERS
 (1) The plaintiff is restored her maiden name of Karen E. Suzor.
CT Page 10105 (2) Each party is to cooperate, sign and execute all documents, letters or instruments necessary to give full force and effect to all of the above court orders.
Sidney Axelrod, Judge.